**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEEBA SCOTT HARRIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER RAYMOND TONKIN and** | : | |
| **CRAIG LOWE and Et Al** | : | **NO. 21-861** |

## <u>MEMORANDUM</u>

**Savage, J.**                                                                                          **May 16, 2022**

Plaintiff Keeba Scott Harris, a prisoner at Norristown State Hospital, filed this civil action complaining of a pending criminal prosecution and incarceration in Pike County. The crux of her complaint is that the Commonwealth has no jurisdiction to prosecute or detain her.  For the following reasons, we shall dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 8.

### Factual Allegations[1]

Harris is charged with numerous offenses, including terrorism, kidnapping, conspiracy, false imprisonment, robbery, terroristic threats, and aggravated assault, in a criminal case pending in the Court of Common Pleas of Pike County.[2]  In the course of that criminal proceeding, Harris was declared incompetent to stand trial and transferred to Norristown State Hospital.[3]

---

[1] The following allegations are taken from Harris's Complaint, the attached exhibits, and public dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2]   *See Commonwealth v. Harris*, CP-52-CR-690-2019 (C.C.P. Pike Cty.).

[3]   We have an obligation to protect an "incompetent person who is unrepresented in an action."  *See* Fed. R. Civ. P. 17(c)(2).  Nonetheless, we may conduct a statutory screening consistent with Rule 17. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (noting that "[i]n the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)").

Harris asserts that she is bringing constitutional claims pursuant to 42 U.S.C. § 1983.[4]  She identified as defendants Raymond Tonkin and Craig Lowe, the Pike County District Attorney and the Warden of the Pike County Correctional Facility ("PCCF"), respectively, in the caption of her Complaint. She refers to numerous other individuals whom she alleges have wronged her, including Jessica Keith, whom she identifies as the CEO of Norristown State Hospital in the complaint.

Harris identifies herself as the Deputy Chief of the Saw Creek and Pine Ridge Indian Communities Tribal Government.[5]  She alleges that on November 18, 2019, she and other tribal officials "were illegally and unlawfully arrested by about twenty (20) Pennsylvania State Police Officers on the Pike County Land recorded Indian Title hamlet of Pine Ridge" upon which the officers were trespassing.[6]  Harris and others were transported to PCCF.[7]

Harris alleges that she was "physically and mentally assaulted" by Warden Lowe's "staffers" and subjected to allegedly unconstitutional conditions in connection with an effort to "injure [her] into contracting with [PCCF] for housing and services"; she characterizes these efforts as false imprisonment.[8]  Harris also alleges that she lost her

---

[4]   Civil Complaint (ECF No. 2) ("Compl. I") at 1.  Harris also cites 18 U.S.C. §§ 241 and 242.  Civil Complaint (ECF No. 2-1) ("Compl. II") at 11.  These are criminal statutes that do not give rise to civil claims. Purported claims under these statutes lack a legal basis.  *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.].");  *see also Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez.").

[5]   Compl. I at 5.

[6]   *Id.* at 5-6.

[7]   *Id.* at 6.

[8]   *Id.*; *see also id.* at 33 & 37-40; Compl. II at 1-7.

liberty and that her property was "unlawfully seized" by Pennsylvania State Police.[9]  She claims she was transferred to Norristown State Hospital on December 16, 2020 by Pike County police officers who shackled her even though she never contracted with them for services.[10]

Harris indicates that she seeks to remove her criminal case pursuant to 28 U.S.C. § 1455, because the prosecution violates her rights and the Indian Civil Rights Act.[11]  It appears Harris is alleging that the Pike County Court of Common Pleas lacks jurisdiction to prosecute her for the crimes with which she is charged and thus was unlawfully held at PCCF and Norristown State Hospital.[12]  She accuses District Attorney Tonkin of pursuing charges against her in the Pike County Court of Common Pleas despite his knowledge that he lacked jurisdiction.[13]

Harris also makes allegations against individuals whom she did not include in the caption of the Complaint in accordance with Federal Rule of Civil Procedure 10(a).[14] Harris names Lt. Michael Joyce as a defendant because he is the "keeper" of the personal property seized from her upon arrest.[15]  She describes Jessica Keith as the "keeper" of Norristown State Hospital, Lowe as the "keeper" of PCCF, and Lt. Floyd Bowen as the

---

[9]   Compl. II at 6.

[10]  *Id.* at 6-7.

[11]  *Id.* at 7-8; *see also id.* at 9, 21.

[12]  *Id.* at 10-11; 13-14.

[13]  Compl. I at 13-16.

[14]  Harris also mentions those who were arrested with her, including Tonia Scott, her sister and "Principal Chief" of the tribe.  Several of the exhibits attached to Harris's Complaint likewise concern Scott or third parties.  To the extent Harris intended to pursue claims on behalf of others, she may not do so.  *See Twp. of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

[15]  Compl. I at 16-17.

Chief of the Pennsylvania State Police, Blooming Grove Station, who was present for and directed her allegedly unlawful arrest in Pike County.[16]  Harris also refers to Gregory Chelak, a judge on the Pike County Court of Common Pleas, who appears to have presided over her criminal case for a period of time and directed her transfer to Norristown State Hospital.[17]  She identifies Matthew M. Osterberg as the "Chairperson Commissioner" of Pike County who imposed, without tribal authorization and without compensating the tribe, property taxes on land she alleges is owned by the tribe.[18]  Harris also discusses the conditions at PCCF and how she was treated while incarcerated there, and notes that there was a COVID-19 outbreak at Norristown State Hospital that concerned her because she has asthma.[19]  She claims she has been discriminated against "by all Defendants" based on her "tribal status" and invokes 42 U.S.C. § 1985 in addition to § 1983.[20]

Harris seeks: (1) a preliminary injunction or temporary restraining order "immediately restrain[ing] [her] false imprisonment at Norristown State Hospital in the unauthorized custody of Defendant Jessica Keith"; (2) "Prospective Injunctive Relief" from "Defendants: (state actors), Raymond Tonkin, Jessica Keith, Lt. Michael Joyce, Lt. Floyd Bowen and Josh Shapiro [the Attorney General of Pennsylvania]"; and (3) "Injunctive Relief" from "Defendants: Gregory Chelak, Matthew M. Osterberg and Craig Lowe."[21]

---

[16]  *Id.* at 17-20.

[17]  *Id.* at 26-29.

[18]  *Id.* at 30.

[19]  *Id.* at 37-40; Compl. II at 1-7 & 9-10.

[20]  Compl. II at 10.

[21]  Compl. I at 3-4; *see also* Compl. II at 14 (asking the Court "to suspend All State criminal offenses from the primary arrest of Plaintiff on 11/18/19"); *id.* at 22 (asking the Court to release her on bail or dismiss the charges against her).

Although the clear focus of her requests is release from custody and dismissal of the charges against her, she makes a fleeting reference to "monetary relief" in her submission.[22]

## Standard of Review

We may screen a prisoner's complaint pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.[23]  *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*).  Section 1915A requires us to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  After doing so, we must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  *Id.* § 1915A(b)(1).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).   To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Because Harris is proceeding *pro se*, we construe her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[22]  Compl. II at 15.

[23]  For purposes of the Prison Litigation Reform Act, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Harris meets this definition.

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires that a complaint must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). In determining whether a pleading meets Rule 8's "plain" statement requirement, we "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  In short, the court must determine whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

 "A pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## Discussion

### *Claims Seeking Release and Dismissal of Criminal Charges*

Harris seeks release from Norristown State Hospital and/or dismissal of the charges pending against her in Pike County on the basis that the Commonwealth lacks jurisdiction over her because of her Native American heritage and/or the status of the land upon which she was arrested.   In other words, she is challenging the legality of her custody stemming from her pending criminal charges in Pike County.

When a prisoner "is challenging the very fact or duration of h[er] physical imprisonment, and the relief [s]he seeks is a determination that [s]he is entitled to immediate release or a speedier release from that imprisonment, h[er] sole federal remedy is a writ of habeas corpus."  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A request for dismissal of criminal charges is akin to a request for release so that relief, too, is only available through a habeas petition.  *See Jaffery v. Atl. Cty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (per curiam) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (per curiam) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.").

In any event, we must abstain from interfering with Harris's state criminal proceedings.  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005); *see also PDX*

*N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (explaining that *Younger* applies when the underlying state case is a criminal prosecution).  Abstention is warranted when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Here, *Younger* abstention requirements are clearly met.  First, the criminal proceedings against Harris are still pending.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws.  Third, the criminal proceedings provide Harris an adequate opportunity to argue in state court for dismissal of the charges.  *See Jaffery*, 695 F. App'x at 40-41 (*Younger* applied where "[t]here are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide Jaffery an opportunity to raise federal constitutional defenses to prosecution"); *Duran*, 399 F. App'x at 758-59 ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.").  Because *Younger* abstention applies, we shall dismiss Harris's claims challenging the constitutionality of her custody, seeking release and dismissal of her criminal proceeding.

*Removal of Criminal Case*

Harris also seeks to remove her criminal prosecution from the Pike County Court of Common Pleas to this Court pursuant to 28 U.S.C. § 1455.  The removal statute

8

specifies that a state court defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. . . ."  28 U.S.C. § 1455(a).  Under this provision, Harris cannot remove her criminal case from the Pike County Court of Common Pleas, which is located in the Middle District of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

*Remaining Claims*

Although Harris primarily seeks release from custody and dismissal of her criminal case and has only identified two defendants in the caption of her pleading, the lengthy Complaint identifies other putative defendants and suggests she may be raising claims for damages.  It is not possible to determine who the defendants are and the bases of her claims, if any, against each defendant that do not pertain to the legality of her custody and request for release.  In other words, the Complaint is so vague and ambiguous that it is not possible for any defendant who is referenced to have notice of the contours of her claims against him or her.  Her pleading fails to comply with Rule 8.

**Conclusion**

For the foregoing reasons, we shall dismiss Harris's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 8.  Her claims challenging the legality of her custody and seeking release from imprisonment and/or dismissal of the criminal charges will be dismissed without prejudice to her pursuing any such claims in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of

Pennsylvania.  Harris's remaining civil claims will be dismissed without prejudice to her initiating a new lawsuit or lawsuits in the proper venue.